# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

MARILYN ARCHER, )
)
        Plaintiff, )
)
v. ) No. 5:17-cv-139 (MTT)
)
VENTERRA REALTY MANAGEMENT )
COMPANY INC, *et al.*, )
)
        Defendants. )
)

## ORDER

Plaintiff Marilyn Archer moves the Court to remand this case back to state court because "the Defendant has not met its burden in showing the jurisdictional amount in controversy with any evidence." Doc. 9 at 4.

According to 28 U.S.C. § 1446(c)(2):

> If removal of a civil action is sought on the basis [of diversity jurisdiction], . . . . the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and . . . the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000].

28 U.S.C. § 1446(c)(2).[1]

Archer contends that the Defendants have "provided no facts or evidence in support of their assertion" that 'the matter in controversy exceeds the sum value of $75,000.00." Doc. 9 at 3. Archer also offers, as controverting evidence, that "Plaintiff

---

[1] Archer's brief mentions both the "to a legal certainty" standard and the "preponderance of the evidence" standard in regard to the Defendants' burden of proof. Doc. 9 at 1-2. The preponderance of the evidence standard is clearly applicable here, particularly following Congress's 2011 amendments to 28 U.S.C. § 1446. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *Lowe v. State Farm Fire & Cas. Co.*, 2016 WL 818658 *adopting* 2016 WL 821132 (M.D. Ala. Mar. 2, 2016).

has incurred $10,258.99 in medicals to date, and an updated demand was sent on April 14, 2017 for $55,000.00." *Id.*

But the Defendants do offer evidence—the complaint itself and a demand letter for $85,000 from Archer.[2] The Defendants note that Archer "alleges in her complaint that she hit the tub 'violently and with full force,' causing 'vast injuries.'" Doc. 7 at 10 (quoting Doc. 1-3 ¶ 3). These injuries include "a back sprain, chest wall contusions, muscle spasms, [] fractured ribs[,] [and] back pain at the L3 level attributed to a prominent wedge compression fracture." Doc. 1-3 ¶ 3. Archer characterizes her injuries as "severe injuries and great pain of body and mind, from which she did then suffer, now suffers, and will continue to suffer." *Id.* ¶ 7. Archer seeks compensation for these injuries as well as "expenses in the nature of medical bills." *Id.* ¶ 5. As the Defendants note:

> Plaintiff's thorough four-page demand letter [seeking $85,000] dated July 6, 2016 describes in detail plaintiff's claims of "chronic pain, stiffness, and discomfort in her back" and her inability to sleep in her own bed due to her broken ribs and chest wall injuries. Her demand itemizes "to the penny" $10,258.99, in medical expenses, and also states that "future medical expenses will be an important element of the damages." Specifically, a fractured spine may very well result in a future surgery. The demand includes 105 pages of detailed medical records and billing statements, and counsel for plaintiff averred that the letter states provide "ample information and documentation to justify the demand of $85,000.00." . . . [P]laintiff's demand includes an itemization for medical expenses, details plaintiff's pain and suffering, and describes future medical expenses as "an important element" of damages.

Doc. 10 at 8-9.

---

[2] Though the July 6, 2016 demand was not attached to the notice of removal, it was mentioned therein. Doc. 1 ¶ 6. It was attached to the Defendants' response in opposition to the motion to remand. *See* Doc. 10-2. Archer has not contended that the Court should not consider the July 6, 2016 demand letter. *Cf.* Doc. 9 at 3 ("The defendant relies on an initial document submitted in July 2016 to which no response has ever been received."). Moreover, Archer relies on a later demand letter. Accordingly, the Court takes the July 6, 2016 demand letter into consideration.

As to Archer's second, April 14, 2017, demand, the Defendants note that it was "made just three days after the case was removed" and "should not be considered because it was made after the case was removed."[3] *Id.* at 9. The Defendants also note that the demand stated baldly: "[w]e have revised our demand and are willing to accept $55,000.00 to settle Ms. Archer's case[]" (Doc. 10-2) and, accordingly, does not appear to be a reasonable assessment of her claim.

The Court agrees with the Defendants. Considering the $10,258.99 claimed medical expenses, the nature of the alleged injuries, Archer's stated intent to seek damages for pain and suffering, and Archer's initial demand of $85,000 in light of common sense and the Court's own experience, the Court concludes that the Defendants have met their burden to show that the amount in controversy exceeds $75,000. *Cf. Farley v. Variety Wholesalers, Inc.*, 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013); *see also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064-65 (11th Cir. 2010). The Court is not swayed by Archer's April 14, 2017 demand; it certainly appears to be an attempt to negate diversity jurisdiction, not reasonably estimate Archer's damages.

**SO ORDERED,** this 2nd day of June, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] The Defendants assert that the Court cannot consider the second demand because it was sent post-removal. Doc. 10 at 3-4, 9 (citing *The Burt Co. v. Clarendon Nat'l Ins. Co.*, 385 Fed. App'x 892, 894 (11th Cir. 2010) ("[E]vents occurring after removal, such as the post-removal amendment of a complaint . . . which may reduce the damages recoverable below the amount in controversy requirement, do not divest the district court of jurisdiction.")). The Court need not address this contention because the Court is not persuaded to remand the case even considering the second demand letter.